DODSON *v.* BASKIN.

Opinion delivered December 14, 1908.

PARTNERSHIP—LIABILITY OF PARTNER.—Although a bank had notice that one of two partners was to furnish all the money needed by the partnership, this will not discharge the other partner from liability to it on a partnership note given to cover an overdraft for money used in the partnership business; in order to discharge himself, the latter should have notified the bank that he would not be liable for the acts of his partner in obtaining money for the use of the partnership in violation of the private agreement of the partners.

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

### STATEMENT BY THE COURT.

In the spring of 1903, a partnership was formed between H. W. Baskin and J. H. Garrison, under the firm name of H. W. Baskin & Company, for the purpose of dealing in cattle, cotton seed and fertilizers. Baskin was to look after the trading end of the partnership, and Garrison was to furnish the money necessary to run it. Baskin told E. H. Smith, cashier of the Bank of El Dorado, of the arrangement, and asked if there was any possibility of the checks of the firm being turned down, saying if there was he would not check on it, for it would injure his credit. Smith told Baskin to go ahead, and it would be all right.

Thereafter, in making purchases for the firm, Baskin drew checks on the Bank of El Dorado in their firm name of H. W. Baskin & Company. To cover an overdraft caused by these

checks, Garrison executed the note here sued on to the bank in the firm name. The note was for $549. Baskin did not at the time know of the execution of the note. The affairs of the partnership have never been settled. Subsequently to the execution of the note, the bank became insolvent, and E. H. Smith was appointed its receiver. W. J. Miles succeeded Smith as receiver, and instituted the present suit. Before the trial, the assets of the bank were sold to C. W. Dodson by order of the chancery court, and Dodson was substituted as plaintiff in the place of Miles, the receiver. Other testimony was adduced at the trial, but the above statement sufficiently sets forth the issue raised by the appeal, and a further abstract will not, therefore, be necessary. There was a jury trial, and a verdict for the defendant. The plaintiff has duly prosecuted an appeal to this court.

*W. E. Patterson* for appellants.

1. Persons who are aware of the terms upon which partners have agreed among themselves to carry on business are not deemed to contract with them upon the basis of the agreement made between themselves, unless there is distinct notice that the firm will not be answerable to strangers for acts which without such notice would clearly impose liability. 30 U. S. (5 Pet.) 529; 8 L. Ed. 216; 30 Fed. Rep. 412; 74 Ala. 64; 61 Miss. 354.

2. Notice of non-liability must be shown, and the burden is on the party claiming exemption. 22 A. & E. Enc. Law, p. 143.

*R. G. Harper,* for appellee.

1. When one partner borrows the money and executes a note without authority, and the lender knows that by the terms of the partnership the borrowing partner was to furnish all the money, the payee of the note cannot recover of the other partner. 22 A. & E. Enc. L. (2 Ed.) p. 164.

2. Partners may by agreement restrict the authority of one or more of them to bind the firm, and no act done in contravention thereof is binding on the firm with respect to persons having notice. 22 *Id.* 142; 50 Miss. 344. The notice in this case was ample.

HART, J. (after stating the facts). The sole question raised by the appeal is as to the correctness of the following instructions:

"If you believe from the evidence in the case that, acting within the scope of this partnership, Mr. Garrison was to furnish the money for this business to be carried on, and that Mr. Smith, who was the agent of the Bank of El Dorado, where those checks were drawn, had notice of the agreement and had notice of the terms of this contract as to the part he was to perform, and that Mr. Baskin had nothing to do with the furnishing of the money for this firm to operate on, then you will find for the defendant. To enable the plaintiff to recover, he must show this by a preponderance of the evidence."

And again:

"Before you can find for the defendant, you must find that Mr. Smith, as agent of the Bank of El Dorado, knew of the terms of the contract as to Mr. Garrison furnishing the money, and knew that was Mr. Garrison's part of the contract, and that Mr. Baskin had nothing to do with the furnishing of the money for the operation of the firm. If Mr. Baskin, as a partner of Mr. Garrison, was doing a partnership business, and there was no understanding, so far as the bank knew of, then the acts of Mr. Garrison would be binding on Mr. Baskin, and he would be bound by it."

Baskin admits that he and Garrison were equal partners, each to receive one-half of the profits of the business, and that the partnership affairs have not been settled. His contention now is that notice to the cashier of the bank that Garrison was to furnish all the money needed by the partnership restricted his liability to the bank, and that therefore he is not liable upon the note, although it was given to cover an overdraft for money that was used in the partnership business. In order to avoid liability, Baskin should have gone further and have given notice to the bank that he would not be answerable for the acts of his partner in obtaining money for the use of the partnership in violation of the private agreement of the partners.

Mr. Lindley in his work on Partnership, vol. 1, p. 176, states the rule as follows: "The writer is not acquainted with any case in which it has been decided that persons who are aware of the terms upon which partners have agreed together to carry on business are deemed to contract with them upon the basis of the agreement come to amongst the partners themselves. In all cases of this description, the real question to be determined seems to be

whether there was distinct notice that the firm would not be answerable to strangers for acts which, without such notice, would clearly impose liability upon it; and whenever there is any doubt upon this point, the firm ought clearly to be liable, the *onus* being on it to show sufficient reason why liability should not attach to it."

Tested by this rule, it will be plainly seen that the instructions are erroneous.

For the error contained in them as indicated in this opinion, the judgment must be reversed and the cause remanded for a new trial.